(14 Misc. Rep. 4.)

BURHORN et al. v. McDONOUGH et al.

(Common Pleas of New York City and County, General Term. August 22, 1895.)

EVIDENCE—ADMISSION—EXCEPTIONS—GROUND OF OBJECTION.
An exception to the admission of evidence is of no avail, where no ground of objection was stated.

Appeal from First district court.

Action by Edwin C. Burhorn and another against Henry C. McDonough and another. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Robert H. Wilson, for appellants.

Robert Van Iderstine, for respondents.

BISCHOFF, J. This action was brought to recover damages for the breach of a certain contract whereby defendants had agreed to perform work in the erection of a smokestack for the plaintiffs in Ithaca, at an agreed price of $137. Defendants interposed two defenses,—one, that the contract had been induced through misrepresentations as to the weight of the stack, and had been promptly rescinded upon discovery of the facts; the other, that after defendants refused to carry out the agreement a new contract had been entered into discharging that in suit. They further interposed a counterclaim growing out of this new contract. The justice gave judgment in favor of the defendants for costs, and the plaintiffs now claim that the weight of the evidence was against his decision. This we cannot hold to be the fact. No reason appears why the testimony of the defendants should not have been fully credited by the justice, and this testimony furnishes ample proof that the contract was made upon the express representation that the stack was to weigh but five tons. Thereby it was also made to appear that the measurements given by plaintiffs were not sufficient to enable defendants to calculate the weight of the stack, and that they relied upon the

representation, which was most material, and which went to the essence of the contract. Defendant McDonough testified that he discovered, while proceeding to Ithaca, that the weight of the stack was nine tons, his information being derived from the shipping receipt, and that he forthwith notified the plaintiffs of his refusal to carry out the contract now in suit. These facts were, in general, directly contradicted by the plaintiffs, but we find in the case no more than a conflict of evidence, without surrounding circumstances of significance in favor of the appellants which could justify our disturbing the judgment as being against the preponderance of proof. In view of the justice's opportunity of observing the witnesses and of noting their demeanor upon the stand, the appellate court must, in the furtherance of justice, accord greater weight to his determination of the facts where the evidence is in conflict; and something more than the defeated party's confidence as to the verity of his own allegations is required in order that such determination may be successfully assailed upon questions of fact. To contradict the defendant's evidence with regard to the weight of the stack, the plaintiff Burhorn, called as a witness, identified a certain paper as being a copy of the particular shipping receipt from which the defendant's information was obtained. In this paper the weight was stated to be six tons. But what of it? The justice was not bound to base his judgment upon this copy as identified by the witness, and, moreover, the record would support a finding that a deviation of one ton from the represented weight was sufficient to justify the defendants' repudiation of the contract. Indeed, the plaintiffs appear to have recognized the fact that defendants had ground for the action taken, since, upon receipt of the notice sent by the latter, they requested, by letter, that the work be performed nevertheless, and stated, "We will help you out on the cost of erection." This letter was made the basis of the defense that a new contract had been entered into, but we find the evidence unsatisfactory with regard to defendants' acceptance of or performance under its terms. However, no recovery upon defendants' counterclaim having been allowed, this "new contract" is not in question, since, upon the first defense pleaded, the judgment is to be supported as shown.

Appellants rely upon four exceptions appearing in the record, but this reliance is clearly unfounded. As to the first, no ground of the objection to the evidence admitted was stated; hence the exception was of no avail. The second was taken to the admission of evidence with regard to the representations inducing the contract. This evidence bore directly upon the main issue raised by the pleadings, and it would have been error to exclude it. The third exception followed a discretionary ruling, and the fourth is probably urged through an oversight, since the ruling was in appellants' favor.

The judgment must be affirmed, with costs.